IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| **DANIELLE DUCHINI,** | } |
| **Plaintiff,** | } |
| v. | } CASE NO.: |
| | } JURY TRIAL DEMANDED |
| **KNOXVILLE COMPREHENSIVE BREAST CENTER, PLLC,** | } |
| **Defendant.** | } |

## COMPLAINT

**COMES NOW**, Plaintiff, Danielle Duchini, D.O. ("Plaintiff" or "Dr. Duchini"), by and through her undersigned counsel, Law Office of James W. Friauf, PLLC; and, for her Complaint against Knoxville Comprehensive Breast Center, PLLC ("Defendant" or "KCBC"), avers as follows:

### I. PARTIES

1. Plaintiff is a female resident citizen of the Commonwealth of Pennsylvania. At all times material hereto, Defendant employed Plaintiff, who specializes in breast surgery, as a Doctor of Osteopathic Medicine ("D.O."),.

2. Defendant is a domestic, for-profit, professional limited-liability company with its principal place of business in Knoxville, Tennessee. At all times material to the averments set forth herein, KCBC was engaged in healthcare, and transacts, or transacted, business in the State of

1

Tennessee, County of Knox. Service of process may be perfected via Defendant's registered agent, Patti T. Cotten, Esq., 607 Market Street, Suite 900, Knoxville, Tennessee 37902.

## II.    JURISDICTION AND VENUE

3. Plaintiff re-alleges, and incorporates by reference, each and every averment set forth in Paragraphs 1-2 herein, inclusive.

4. The Court has original subject-matter jurisdiction to adjudicate this matter pursuant to 28 U.S.C. § 1331, in that it involves the application of federal statutory law.

5. The Court also has original subject-matter jurisdiction to adjudicate this matter pursuant to 28 U.S.C. § 1332, in that: (1) the amount in controversy exceeds Seventy-five Thousand Dollars and 00/100 Cents ($75,000.00); and, (2) the parties are citizens of different states.

6. A substantial portion of the events or omission giving rise to this matter occurred in Knox County, Tennessee. Accordingly, venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## III.    FACTUAL ALLEGATIONS

7. Plaintiff re-alleges, and incorporates by reference, each and every averment set forth in Paragraphs 1-6 herein, inclusive.

8. Defendant hired Plaintiff on or about May 15, 2018.

9. During the course of Plaintiff's employment by Defendant, she earned an annual salary of Three Hundred Twenty-five Thousand Dollars and 00/100 Cents ($325,000.00); and, she was entitled to, and received, certain benefits associated with her employment.

10. On or about November 17, 2019, Plaintiff refused a directive by Kamilia Kozlowski, M.D. ("Dr. Kozlowski"), Defendant's majority member, to illegally "up-code" Plaintiff's "billing" associated with the provision of medical services to patients.

11. More specifically, Dr. Kozlowkski demanded Plaintiff reclassify/redesignate her billing codes from a "Level 4" to a "Level 5", so as to maximize the amount of funds Defendant received resulting from medical services provided by Plaintiff on behalf of Defendant.

12. Plaintiff unequivocally rebuffed Dr. Kozlowski's directives, and expressed the illegality surrounding the conduct of which Dr. Kozlowski was directing Plaintiff.

13. Plaintiff also refused Dr. Kozlowski's directives to provide genetic counseling to KCBC patients, as such actions were not within Plaintiff's clinical competencies.

14. In response to Plaintiff's refusal to engage in the illegal activities, *supra*, to which she had been directed to undertake, Dr. Kozlowski became enraged.

15. As a direct and proximate result of Dr. Kozlowski's enraged mental status, she directed and effectuated the illegal termination of Plaintiff's employment on November 19, 2019.

16. Despite undertaking all reasonable efforts, Plaintiff had been unable to secure alternative employment subsequent to her unlawful termination by Defendant for a lengthy period of time.

17. Presently, Plaintiff has obtained a commitment of employment; however, such employment is not set to commence until on, or about, February 1, 2021.

18. Since the time of her unlawful termination by Defendant, Plaintiff has undergone significant financial hardship.

19. The significant financial hardship to which Plaintiff has undergone, as a direct and proximate result of Defendant's illegal requests/acts, resulted in, *inter alia*, Plaintiff being forced to sell her resident home, located in Tennessee, and relocate to Pennsylvania in order to reside with her parents until such time as her next employment opportunity commenced.

20. Plaintiff has also suffered untoward embarrassment and humiliation as a direct and proximate result of being unlawfully terminated by Defendant, whilst being a well-respected medical professional in the Knoxville community who had active privileges to practice medicine at facilities operated by Tennova Healthcare.

## IV. CAUSES OF ACTION

### COUNT I

Retaliatory Discharge:

(*Tennessee Public Protection Act ("TPPA"), Tenn. Code Ann. § 50-1-304, et seq.*)

21. Plaintiff re-alleges, and incorporates by reference, each averment set forth in Paragraphs 1-20 herein, inclusive.

22. At all times material hereto, Plaintiff was an "Employee", as that term is defined by Tenn. Code Ann. § 50-1-304(a)(1)(B).

23. At all times material hereto, Defendant was an "Employer", as that term is defined by Tenn. Code Ann. § 50-1-304(a)(2)(B).

24. Defendant discharged and/or terminated Plaintiff solely for refusing to participate in illegal activities, as averred more fully herein. Tenn. Code Ann. § 50-1-304(b).

25. As a direct and proximate result of Defendant discharging and/or terminating Plaintiff solely for refusing to participate in illegal activities, Plaintiff brings this action; additionally, Plaintiff is entitled to damages, as averred more fully herein. Tenn. Code Ann. § 50-1-304(c)(1).

26. Plaintiff is entitled to recover her reasonable attorney's fees and costs in bringing this action from Defendant. Tenn. Code Ann. § 50-1-304(c)(2).

# COUNT II

<u>Sex Discrimination</u>:

(*Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d) and Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101, et. seq.*)

27. Plaintiff re-alleges, and incorporates by reference, each averment set forth in Paragraphs 1-26 herein, inclusive.

28. Plaintiff pleads, additionally and alternatively, to all other causes of action alleged in this Complaint, as may be amended.

29. At all times material to the averments set forth herein, Plaintiff was an "Employee" of Defendant, as that term is defined by 29 U.S.C § 203(e)(1).

30. At all times material to the averments set forth herein, Defendant was an "Employer", as that term is defined by 29 U.S.C § 203(d).

31. At all times material to the averments set forth herein, Defendant "Employ[ed]" Plaintiff, as that term is defined by 29 U.S.C § 203(g).

32. At all times material to the averments set forth herein, Defendant was, and continues to be, an "enterprise engaged in commerce", as that term is defined by 29 U.S.C § 203(s)(1).

33. Specifically, at all times material to the averments set forth herein, upon information and belief, Defendant's annual gross volume of healthcare sales made, or healthcare business done, was Five Hundred Thousand Dollars and 00/100 Cents ($500,000.00) or more.

34. At all times material to the averments set forth herein, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

5

35. Specifically, at all times material to the averments set forth herein, Defendant was engaged in interstate commerce by, *inter alia*, promoting its business on with World Wide Web: https://www.knoxvillebreastcenter.com.

36. At certain times material to the averments set forth herein, Defendant employed George Webber, M.D. ("Dr. Webber"), as an "Employee", who is male.

37. During his employment with Defendant, Dr. Webber performed surgical services for patients.

38. At certain times material to the averments set forth herein, Plaintiff and Dr. Webber performed "substantially equal work".

39. Despite the provision of substantially equal work, under similar conditions, while working for the same establishment, inexplicably, Defendant paid substantially higher wages to Dr. Webber, as compared to Plaintiff.

40. The foregoing conduct by Defendant constitutes sex discrimination in violation of the EPA and THRA.

41. Dr. Koslowski was cognizant that paying Dr. Webber substantially-higher wages than Plaintiff was illegal.

42. Accordingly, Defendant's discriminatory acts toward Plaintiff were knowingly illegal and in bad faith.

43. As a direct and proximate result of Defendant's discriminatory actions on the basis of sex, as set forth herein, Plaintiff has suffered injuries and damages, as averred more fully herein.

## COUNT III

### Breach of Contract

44. Plaintiff re-alleges, and incorporates by reference, each averment set forth in Paragraphs 1-43 herein, inclusive.

45. Plaintiff pleads additionally, and alternatively, to all other causes of action alleged in this Complaint, as may be amended.

46. At all times material the averments set forth herein, Plaintiff and Defendant were parties to a contractual employment agreement, the written memorialization of which is attached hereto as **Exhibit "1"** (hereinafter, "Agreement").

47. The term of the Agreement was thirty-six (36) months, commencing on or about May 15, 2018.

48. Paragraph 8(iii) of the Agreement provides circumstances under which Defendant may terminate the Agreement for "Cause", including:

> E. Materially breaches any of the obligations under this Agreement and fails to cure such breach within thirty (30) days after written notice to Employee specifying nature of the breach . . ..

49. On November 15, 2019, Plaintiff received written notice from Defendant falsely outlining alleged breaches of certain obligations owed by Plaintiff under the terms of the Agreement.

50. Notwithstanding the falsity of the allegations set forth in the November 15, 2019, notice, pursuant to the terms of the Agreement, Plaintiff should have been permitted not less than thirty (30) days to cure any such alleged breaches.

51. Defendant failed to permit Plaintiff to cure any of the alleged breaches. To the contrary, Plaintiff's employment was terminated on November 19, 2019.

52. The foregoing actions by Defendant constitute breach of contract.

53. As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered injuries and damages, and is entitled to relief as set forth more fully herein.

## COUNT IV

### Intentional Interference with Business Relations

54. Plaintiff re-alleges, and incorporates by reference, each averment set forth in Paragraphs 1-53 herein, inclusive.

55. Plaintiff had an identifiable, prospective business relationship with specific medical providers in the greater Knoxville area after her unlawful termination by Defendant.

56. Defendant had specific knowledge of the aforementioned business relationships.

57. Defendant intended to, and directly and proximately caused, the termination of the aforementioned prospective business relationships.

58. By directly and proximately causing termination of the aforementioned business relationships, Defendant did so with an improper motive; specifically, Defendant continued to retaliate against Plaintiff for refusing to participate in illegal activities by actively seeking to have Plaintiff 'blacklisted' from alternative employment in the Knoxville market; and, by utilizing improper means, such as informing other providers that, if such providers hired Plaintiff, Defendant would no longer make patient referrals to the provider(s).

59. The foregoing conduct by Defendant constitutes intentional interference with business relations.

60. As a direct and proximate result of Defendant's intentional interference with business relations, Plaintiff has suffered injuries and damages as averred more fully herein.

## V. DAMAGES

61. Plaintiff re-alleges, and incorporates by reference, each averment set forth in Paragraphs 1-60 herein, inclusive.

62. As a direct and proximate result of each of the foregoing acts, conduct, and violations of the law as alleged herein, Plaintiff has suffered damages in an amount and according to proof, including, without limitation, loss of employment; lost wages; liquidated damages; loss of benefits; lost interest on benefits; actual monetary loss; physical and mental pain and suffering; embarrassment; humiliation; inconvenience; and, other incidental and consequential damages.

63. Plaintiff is entitled to, and seeks, recovery of her attorneys' fees and costs pursuant to the EPA, THRA, and TPPA.

64. Plaintiff seeks an award of pre- and post-judgment interest as permitted by law

65. Plaintiff seeks an award of punitive damages against Defendant as a result of Defendant's willful violation of Plaintiff's federally-protected civil rights.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands a jury be empaneled to hear this cause.

**WHEREFORE**, Plaintiff sues for back pay and benefits, liability of which is to be determined by the jury; and, in an amount to be determined by the Court.

**WHEREFORE**, Plaintiff sues for front pay, liability of which shall be determined by the Court; and, in an amount to be determined by the Court.

**WHEREFORE**, Plaintiff sues for compensatory damages directly and proximately resulting from violation of her rights to be free from employment discrimination and retaliation and for any and all other damages she has suffered, liability of which is to be determined by the jury; and, in an amount to be determined by the jury.

**WHEREFORE**, Plaintiff sues for liquidated damages for all wages to which she was discriminatorily denied due to her sex.

**WHEREFORE**, Plaintiff respectfully demands payment of her reasonable attorney's and costs in bringing this action pursuant to the EPA, THRA, and TPPA, in an amount to be determined by the Court.

**WHEREFORE**, Plaintiff respectfully requests this Court award such other and further relief as may be appropriate and assess the costs of this cause against Defendant.

*Respectfully submitted this 18th day of November, 2020.*

**DANIELLE DUCHINI**

By: /s/ *James W. Friauf*
James W. Friauf (#027238)
LAW OFFICE OF JAMES W. FRIAUF, PLLC
9724 Kingston Pike, Suite 104
Knoxville, Tennessee 37922
Tele: (865) 236-0347
Fax: (865) 512-9174
Email: james@friauflaw.com
Our File No.: 20-183-EPL

*Attorney for Plaintiff, Danielle Duchini*